Slip Op. 18-94

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ATKORE STEEL COMPONENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Jane A. Restani, Judge <br><br> Court No. 17-00077 |

## OPINION

Dated: August 3, 2018

[Commerce's remand results in a scope determination regarding cast iron electrical conduit articles sustained.]

    David Forgue and Brian Walsh, Barnes, Richardson & Colburn, LLP, of Chicago, IL, for Plaintiff Atkore Steel Components, Inc.

    Patricia McCarthy, Assistant Director, and Kelly Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. Of counsel on the brief was Brendan Saslow, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

    **Restani, Judge:** Before the court are the United States Department of Commerce ("Commerce")'s Final Results of Redetermination Pursuant to Court Remand, ECF No. 45-1 (July 11, 2018) ("Remand Results"), concerning Commerce's scope determination as to cast iron electrical conduit articles produced by Atkore Steel Components, Inc. ("Atkore"). No party raised

Court No. 17-00077                                                                                                                                                      Page 2

any substantive objection to Commerce's Remand Results.[1] See Plaintiff's Comments in Agreement with Commerce's Redetermination Pursuant to Court Remand, ECF No. 47, at 1–3 (July 26, 2018) ("Atkore's Comments"). For the reasons stated below, Commerce's Remand Results are sustained.

## BACKGROUND

The court assumes all parties are familiar with the facts of the case as discussed in Atkore Steel Components, Inc. v. United States, Slip Op. 18-52, 2018 WL 2215847 (CIT May 15, 2018) ("Atkore I"). For the sake of convenience, the facts relevant to this remand are summarized herein. Atkore applied for a scope ruling under 19 C.F.R. § 351.225, seeking confirmation that several of Atkore's cast iron electrical conduit articles were outside the scope of an antidumping order applicable to certain malleable iron pipe fittings ("MIPF") from the People's Republic of China ("PRC"). Atkore I, at *1; see Antidumping Duty Order: Certain Malleable Iron Pipe Fittings From the People's Republic of China, 68 Fed. Reg. 69,376 (Dep't Commerce Dec. 12, 2003) ("Antidumping Order" or "Order"). In its Scope Ruling, Commerce originally determined that Atkore's conduit articles fell within the scope of the Antidumping Order. Final Scope Ruling Concerning Cast Iron Electrical Conduit Articles, A-570-881, ASCI—Electrical Conduits, at 6 (Dep't Commerce Mar. 16, 2017) ("Scope Ruling").

A scope analysis follows a three-step process: First, Commerce must "determine whether [the Antidumping Order's scope language] contains an ambiguity and, thus, is susceptible to interpretation. If the scope is unambiguous, it governs." Meridian Prods., LLC v. United States,

---

[1] Atkore "disagrees" with Commerce's filing its Remand Results "under respectful protest," Atkore's Comments at 2; Remand Results at 2, but Commerce complied with the terms of the remand order, as discussed infra, and simply noted its protest in order to preserve its appellate rights, Remand Results at 2 n.5 (citing Viraj Grp., Ltd. v. United States, 343 F.3d 1371, 1375–76 (Fed. Cir. 2003)).

Court No. 17-00077																	Page 3

851 F.3d 1375, 1381 (Fed. Cir. 2017) (internal citations omitted). "If, however, the language of the scope order is ambiguous, Commerce more fully analyzes the sources listed in § 351.225(k)(1). Where those sources are dispositive, in other words, the history of the original investigation is clear, Commerce will close the scope ruling proceedings with a 'final scope ruling.'" Atkore I, at *3 (citing 19 C.F.R. § 351.225(d); Antidumping Duties; Countervailing Duties, 62 Fed. Reg. 27,296, 27,328 (Dep't Commerce May 19, 1997)). If the (k)(1) sources are not dispositive, "Commerce must initiate a formal 'scope inquiry' under § 351.225(e), and consider the factors listed in § 351.225(k)(2)." Atkore I, at *3.

In proceedings below, Commerce contended that it had based its Scope Ruling on the unambiguous scope language of the Antidumping Order, not on an analysis of the sources under 19 C.F.R. § 351.225(k)(1). Id. at *4. In relevant part, the scope language indicated that the Antidumping Order applied to: "[C]ertain malleable iron pipe fittings, cast, other than grooved fittings, from the [PRC]. The merchandise is classified under item numbers 7307.19.90.30, 7307.19.90.60, and 7307.19.90.80 of the Harmonized Tariff Schedule (HTSUS)." Antidumping Order, at 69,376 (the HTSUS numbers were included for illustrative purposes only). In ordering remand, the court determined "that the scope of the relevant order is not so clear that the conduit fittings in question are covered by the order, such that no further assessment is needed." Atkore I, at *4. Atkore argued that the term "pipe" was both undefined and ambiguous. Id. at *5. The court agreed, stating: "It is not clear from the terms of the Order that all non-grooved cast iron pipe fittings, regardless of physical differences, fall within 'certain malleable iron pipe fittings, cast, other than grooved fittings.'"

Court No. 17-00077                                                                                                    Page 4

Id. at *5 (internal citations omitted).  The court furthermore found that during scope proceedings Atkore had cited evidence of physical differences from (k)(1) sources, differences which could distinguish Atkore's goods from those covered by the Antidumping Order, and which Commerce had failed to adequately address.  See id. at *7.  Accordingly, the court remanded Commerce's Scope Order with the following instructions:

> [A]ssess the factors set forth in 19 C.F.R. § 351.225(k)(1) indicated in Atkore's Scope Ruling Request,[2] including Atkore's evidence of alleged physical differences between its conduit fittings and the products subject to the Antidumping Order.  Commerce shall take additional steps in accordance with the foregoing reasoning, including initiation of a formal scope inquiry and consideration of 19 C.F.R. § 351.225(k)(2) factors, if necessary.

Id. at *8.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c).  This matter is reviewable under 19 U.S.C. § 1516a(a)(2)(B)(vi).  "[T]he question of whether the unambiguous terms of [an antidumping duty order] control the inquiry, or whether some ambiguity exists, is a question of law" that the court reviews de novo.  Meridian, 851 F.3d at 1382.  Otherwise, Commerce's final results in an administrative review of a scope determination are upheld unless "unsupported by substantial evidence on the record, or otherwise not in accordance with law[.]"  19 U.S.C. § 1516a(b)(1)(B)(i); see also Meridian, 851 F.3d at 1381–82.

## DISCUSSION

19 C.F.R. § 351.225(k)(1) directs Commerce to consider evidence from the following sources:  "The descriptions of the merchandise contained in the petition, the initial investigation,

---

[2] Scope Ruling Request:  Malleable Cast Iron Pipe Fittings from the People's Republic of China (A-570-881), A-570-881, ASCI—Electrical Conduits, at 4–6 (Dep't Commerce Oct. 4, 2016).

Court No. 17-00077 Page 5

and the determinations of the Secretary (including prior scope determinations) and the Commission." On remand, Commerce weighed such evidence, "paying particular attention to" evidence of physical characteristics considered during the underlying antidumping investigation. Remand Results, at 7. Commerce stated that "a re-evaluation of . . . the (k)(1) sources above, further informs our understanding of the products covered by the [Antidumping Order] such that MIPF is built to [specific pressure and tensile strength] standards. Any in-scope product, intended to be used in the conveyance or retention of liquids or gas, would state that it conforms to those standards." Id. at 8–9. Commerce found that Atkore's articles made no mention of pressure ratings and were designed for use in electrical applications, not liquid or gas conveyance. Id. at 9–10. Accordingly, Commerce concluded that Atkore's articles fall outside the scope of the Antidumping Order. Id. at 10. Having found the (k)(1) factors dispositive, Commerce correctly declined to initiate a formal scope inquiry for the purpose of considering the 19 C.F.R. § 351.225(k)(2) factors. See id. at 5–11. The court thus finds that Commerce has complied with the terms of Atkore I and that Commerce's Remand Results are supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Commerce's Remand Results are **SUSTAINED**. Judgment will enter accordingly.

 /s/ Jane A. Restani 
Jane A. Restani, Judge

Dated: August 3, 2018
      New York, New York